UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 3:14-CR-85-8 |
| | ) | | Judge Phillips |
| TIFFANY BEAN | ) | | |

## MEMORANDUM AND ORDER

Defendant Tiffany Bean has filed a petition for early termination of supervised release [Doc. 843]. In support of her motion, Defendant states that she has complied with all terms of her supervision, has obtained gainful employment and continued working for the same employer over two years, has gotten married and purchased a home, and has continued her education in the field of medicine, with the ultimate goal of becoming a registered nurse.

The record reflects that Defendant pled guilty to one count of conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and one count of conspiracy to distribute at least 5 grams but less than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. [Doc. 665]. On August 10, 2015, Defendant was sentenced to a term of imprisonment of 30 months, to be followed by a three-year term of supervised release [*Id.*].

The United States Probation Office states that Defendant began her term of supervised release on September 8, 2017, and is currently scheduled to complete her term

of release on March 6, 2020, meaning that she has completed 28 of her 30-month term of supervised release. Defendant's probation officer states that she has successfully completed a random drug screening program and has always tested negative for illegal substances. Further, Defendant's probation officer states that she has maintained a stable residence, stable employment, and has had no issues with noncompliance. Accordingly, the probation office does not object to Defendant's request for early termination. Similarly, the government does not oppose Defendant's request for early termination.

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of Defendant's supervised release. In support of this determination, the Court notes that Defendant has completed more than two years of her term of supervised release, and indeed, has completed nearly all of her term of supervised release. During this time, Defendant has been in full compliance with the conditions of her supervision. Defendant has maintained employment, married, and pursued further education. In addition, Defendant's supervising probation officer and the government do not oppose the request. It appears to the Court that Defendant has rehabilitated herself and she poses no threat to any individual or the community to reoffend. Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), based on the defendant's conduct and the

interests of justice, Defendant's motion for early termination of supervised release [Doc. 665] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

**IT IS SO ORDERED.**

                                   s/ Thomas W. Phillips
                             SENIOR UNITED STATES DISTRICT JUDGE